THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIAS CORDOVA, Defendant-Appellant.

Third District   No. 79-89

Opinion filed April 18, 1980.

Verlin R. F. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant, Elias Cordova, from a judgment of conviction for the offense of aggravated battery. After the jury found the defendant guilty, he was sentenced to a determinate term of inprisonment of three years.

The evidence adduced at the trial supported the charge that the defendant stabbed a fellow inmate of the Stateville Correctional Center. There was also evidence that the defendant was a member of the Latin Kings.

During the trial the defense counsel directed the trial court's attention to an article published in the June 4, 1978, edition of the Chicago Sun Times. This publication occurred after the trial had begun and before the case was given to the jury. This newspaper purportedly carried an article concerning Chicago street gangs, and is said to have indicated that the Latin Kings are one of the most vicious of these gangs, its members having been convicted of a number of very serious crimes.

After the defense counsel described the article to the trial judge, the defense counsel was asked whether the article referred to gang activity within penitentiaries and whether the article claimed the Latin Kings were committing those crimes in the penitentiary. To both of these questions the defense counsel answered negatively. As a result the trial court ruled there was no showing of prejudice and ordered the trial to proceed.

In his first issue, the defendant argues that the trial court abused its discretion by failing to poll the jury. For two reasons, we find no error. First, the only basis for determining that the article in question might

have prejudiced the jury is the unsworn summary by the defense counsel. According to this summary the article was general in nature, and there has been no allegation that it referred to the defendant or the offense with which he was charged. As a result, this court is not able to determine that the trial court abused its discretion in failing to poll the jury, and it must be assumed the trial court's ruling was proper. *People v. Preston* (1978), 60 Ill. App. 3d 162, 376 N.E.2d 299, *aff'd* (1979), 76 Ill. 2d 274, 391 N.E.2d 359.

■■ Secondly, as the defendant correctly points out, the trial court is required to make a two-part analysis when an allegation of prejudicial publicity is raised. Step one is a consideration of the nature of the publicity, its content and its potential for prejudice. (*People v. Cox* (1966), 74 Ill. App. 2d 342, 220 N.E.2d 7.) If the trial court determines the publicity is not prejudicial, there is no need to poll the jury. (*People v. Hurley* (1973), 10 Ill. App. 3d 74, 293 N.E.2d 341.) Articles referring to a general class of offenders, but not the defendant specifically, are not necessarily prejudicial to a defendant. (*People v. Krueger* (1968), 99 Ill. App. 2d 431, 241 N.E.2d 707; *People v. Martin* (1965), 62 Ill. App. 2d 203, 210 N.E.2d 798.) Therefore, we find no abuse of discretion in the trial court's ruling and failure to poll the jury.

The only other issue raised by the defendant is whether he was afforded a proper sentencing hearing. Specifically, the defendant objects that the trial court, in imposing the sentence, failed to adequately specify the reasons for the sentence even though the sentence imposed exceeded the minimum allowable sentence for aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(d); Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(6)), and even though the sentence imposed was greater than that imposed upon a co-defendant.

A trial judge is now required to specify on the record the reasons for his sentencing determination. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1(c).) The statute requires that the sentencing judge refer to "the evidence, information, factors in mitigation and aggravation or other reasons" which support the sentencing determination.

In the case at bar, the trial court, giving regard to the circumstances of the offense and the defendant's prior record, denied probation as being inappropriate. While it would have been preferable for the trial court to employ the statutory language (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—1(a)), we believe the trial court has sufficiently stated the reasons for denying probation.

■■ While imposing sentence, the trial court referred to the defendant as the "ring leader" and indicated that the defendant took an active leadership role in the incident. This certainly explains the difference between the defendant's sentence and a probationary sentence imposed

on his co-defendant. In addition, the trial judge stated he considered the circumstances of the offense. Although this court has determined that a trial court's reasons for imposing a sentence must be specifically stated on the record (*People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114), the comments of the trial court in the case at bar meet the minimal requirements of the statutory provision.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.